UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CURTIS MENGEDOHT                                                                 PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:06CV-283-S

NATIONWIDE INSURANCE COMPANY, et al.                 DEFENDANTS

### MEMORANDUM OPINION

This matter is before the Court on the motion of the defendants, Nationwide Insurance Company ("Nationwide") and Javitch, Block and Rathbone ("Javitch"), to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, to convert this motion to one for summary judgment.[1] When a motion to dismiss is made, the court must take the allegations of the complaint as true and grant dismissal only when it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief. *See Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957). For the reasons stated herein we will grant Defendants' Motion in part and deny it in part.

### BACKGROUND

Nationwide had a subrogation claim arising out of an automobile accident involving one of its insureds against Chris Mengedoht ("Chris"). It hired the Cincinnati law firm, Javitch, to file the subrogation suit in Jefferson County. Javitch filed a lawsuit again Chris *Mengedont*, misspelling his last name, and obtained a default judgment against him.

In its attempt to collect on the judgment, Javitch requested a credit report from Trans Union on Chris Mengedont. Although Javitch's first request failed to produce a credit report, its second request, which contained a "Mismatch ID Alert", revealed a credit report for *Curtis* Mengedont. Javitch mistakenly believed that Chris Mengedont and Curtis Mengedont were the same person and

---

[1] Because we do not consider any matters outside the Complaint in deciding this motion, we decline to convert it into one for summary judgment.

filed a motion to correct the record asking that the judgment in the subrogation suit be actually against "Chris Mengedont a/k/a Curtis Mengedont." The Jefferson District Court judge granted the motion. Subsequently, on behalf of Nationwide, Javitch garnished a bank account owed by the plaintiff, Curtis *Mengedoht* ("Curtis"), at National City Bank. Chris and Curtis are father and son.

Sometime thereafter, Javitch was contacted by Nationwide and informed that Chris and Curtis were two different persons. Upon receiving this information, Javitch effectuated a release of the bank attachment. Now, Curtis has sued Nationwide and Javitch on a variety of theories: (1) violation of Ky. R. Civ. P. 11; (2) defamation of character; (3) wrongful attachment, malicious prosecution, and wrongful use of civil proceedings; (4) violation of Ky. Rev. Stat. § 411.080; and (5) violation of Ky. Rev. Stat. Ch. 367. Curtis seeks, *inter alia*, actual and punitive damages.

This suit was first filed in Jefferson Circuit Court and the removed to our court. Because we sit in diversity, Kentucky law is applicable.

## ANALYSIS

### Ky. R. Civ. P. 11

Ky. R. Civ. P. 11 essentially requires attorneys to undertake a reasonable investigation of the facts and the law before filing a pleading; it permits the court to impose sanctions upon an attorney's failure to so. It does not, however, create any substantive rights, and therefore, cannot be used as the basis for a cause of action. *Guaranty Nat. Ins. Co. v.* George, 953 S.W.2d 946, 951 (Ky. 1997) (Cooper, J. concurring); *Clark Equipment Co. v. Bowman*, 726 S.W.2d 417, 420 (Ky. Ct. App. 1988) ("Rule 11 is not . . . a vehicle to obtain relief by one who has suffered damages by simple negligence in the filing of a lawsuit or by the filing of a meritless lawsuit. . . . Rule 11 was never intended to serve as an alternate remedy or as a substitute for those necessary elements to those various actions Justice Leibson refers to as 'wrongful civil proceedings.'"). Thus, Curtis' claim for relief for violation of Ky. R. Civ. P. 11 must fail.

**Defamation of Character**

To prevail on a claim for defamation, a plaintiff must allege and prove the following elements: (1) defamatory language, (2) about the plaintiff, (3) which is published, and (4) which causes injury to reputation. *Columbia Sussex Corp. v. Hay*, 627 S.W.2d 270, 273 (Ky. Ct. App. 1981). Kentucky, however, recognizes a judicial proceedings privilege, which renders statements made in the course of judicial proceedings not actionable. *Rogers v. Luttrell*, 144 S.W.3d 841 (Ky. Ct. App. 2004). A statement falls within this privilege if (1) it was made "'preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of the judicial proceeding[]'", and (2) if the court determines that it "'has some relation to a proceeding that is contemplated in good faith and under serious consideration.'" *Id.* at 843-44 (quoting *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1127 (6th Cir. 1990).

In his Complaint, Curtis asserts that his character was defamed because his name was not removed from the public record. Curtis later specifies in his Response to this motion that his claim is "partially based upon two (2) adverse references placed therein by the careless conduct of Javitch in mailing inquires to Trans Union 'for collection' against Curtis. . . . Other non-privileged, defamatory communications include a letter sent to Michael Morris, attorney, delivering a wrongful non-wage garnishment to National City Bank, and called [sic] Linda Morton at Nationwide." Yet, as argued by Javitch, these communications were in the course of judicial proceedings and to facilitate the collection of a judgment rendered in a judicial proceeding. *See* Robert D. Sack, 1 *Sack on Defamation: Libel, Slander & Related Problems* § 8.2.1.4 (3d ed. 1999) (stating that the privilege applies to publications made in the course judicial proceeding, even if made outside the courtroom with "no function of the court or its officers . . . involved.").

Furthermore, Curtis has pled no facts demonstrating Defendants' actions were not done in good faith. "Good faith" has been defined as "[a] state of mind consisting in (1) honesty in belief or purpose, (2) faithfulness to one's duty or obligation, (3) observance of reasonable commercial

standards of fair dealing in a given trade or business, or (4) absence of intent to defraud or to seek unconscionable advantage." *Hollins v. Joe Guy Ragan Realtors Co.*, 2006 WL 1946866, *2 (Ky. Ct. App. July 14, 2006) (quoting *Black's Law Dictionary* (8th ed. 2004)). As such, the judicial proceedings privilege applies, and Curtis' claim for defamation fails.

## Wrongful Use of Civil Proceedings

Kentucky has adopted the elements set forth in the *Restatement (Second) of Torts* for a common law action for wrongful use of civil proceedings.

> One who takes an active part in the initiation, continuation or procurement of civil proceedings against another is subject to liability to the other for wrongful civil proceedings if
>
> (a) he acts [1] without probable cause, and [2] primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based, and
>
> (b) except when they are ex parte, the proceedings have terminated in favor of the person against whom they are brought.

Restatement (Second) of Torts § 674 (1977).

Subsection (b) is not applicable in this instance since the judgment in the subrogation suit was obtained by default. With regard to subsection (a)[1], probable cause exists when a person

> reasonably believes in the existence of the facts upon which the claim is based, and either
>
> (a) correctly or reasonably believes that under these facts the claim may be valid under the applicable law, or
>
> (b) believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information.

*Mapother and Mapother, P.S.C. v. Douglas*, 750 S.W.2d 430, 431 (quoting Restatement (Second) of Torts § 675 (1977).

In his Complaint, Curtis alleges that he was never indebted to Nationwide and that Javitch failed to investigate the situation before setting out to correct the record and garnish his bank account. This is a sufficient pleading of the facts to show that Javitch may have acted without

- 4 -

probable cause, since without investigating the situation Javitch could not have reasonably believed that Curtis was the proper debtor. Curtis has also demonstrated that Javitch may have acted "primarily for a purpose other than that of securing the *proper* adjudication of the claim". Javitch's alleged failure to investigate coupled with its misspelling of Chris and Curtis' last name could show that it was mainly interested in securing and collecting a judgment rather than securing and collecting a judgment against the proper party. Therefore, Curtis' claim against Javitch for wrongful use of civil proceedings survives.

However, Curtis' same claim against Nationwide fails. Curtis has not pled any facts demonstrating that Nationwide lacked probable cause. Nothing in his Complaint shows that Nationwide's actions were not based upon its good faith reliance on Javitch's advice after disclosing all relevant facts within its knowledge.

Having found Curtis' claim against Javitch to survive, we now address why we reject the application of *Noerr-Pennington* immunity as argued by Javitch. *Noerr-Pennington* immunity originated as an anti-trust immunity doctrine whereby "an antitrust exemption [exists] for joint efforts to influence governmental action." 94 A.L.R.5th 455 (2001). Since its inception, however, courts have extended application of the doctrine to other types of claims. *Id.* In *Grand Communities Ltd. v. Stepner*, 170 S.W.3d 411 (Ky. Ct. App. 2005), the Kentucky Court of Appeals adopted the *Noerr-Pennington* doctrine and applied it to a claim for wrongful use of civil proceedings. *Id.* at 415-16. (explaining that the appellee, who had appealed the city's zoning decision, was shielded from liability by the *Noerr-Pennington* doctrine.). There is, however, a sham litigation exception to the doctrine, which makes the doctrine inapplicable if the petitioning activities were objectively baseless and subjectively motivated by an improper purpose. *Id.* at 415. Javitch's motion to correct the record and its non-wage garnishment were clearly objectively baseless, since it had no right to sue or collect judgment from Curtis. Moreover, as explained above, Javitch's alleged failure to

investigate, indicates that it may have had an improper motive (e.g., collecting a judgment from *anyone* and not just the *right* one).

### Ky. Rev. Stat. § 411.080

Ky. Rev. Stat. § 411.088 permits an action for wrongful garnishment. *Kentucky Farm Bureau Mut. Ins. Co. V. Burton*, 922 S.W.2d 385, 388 (Ky. Ct. App. 1996); *see* Ky. Rev. Stat § 411.080. By setting forth facts showing that he was not indebted to Nationwide, Curtis has sufficiently pled a cause of action for wrongful garnishment. *Burton*, 922 S.W.2d at 388 ("A garnishment is wrongful when the plaintiff has no cause of action or no indebtedness exists."). However, Defendants are correct that the statute only permits an action against the suing party, and thus, Curtis' wrongful garnishment claim is limited to Nationwide. Ky. Rev. Stat. § 411.088.

### Ky. Rev. Stat. Ch. 367

Curtis makes a claim for damages pursuant to Chapter 367 of the Kentucky Revised Statutes, which sets forth Kentucky's Consumer Protection Act. Defendants argue that its actions are not subject to Chapter 367, because Javitch's collection efforts did not involve a transaction governed by this chapter. They are wrong. Ky. Rev. Stat. § 367.170 makes unlawful any "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce . . . . [] For the purposes of this section, unfair shall be construed to mean unconscionable." Ky. Rev. Stat. § 367.170. By claiming that Javitch failed to investigate before garnishing his account, Curtis has alleged facts demonstrating that the garnishment may have been an unconscionable act. His claim survives.

### Punitive Damages

Defendants have also asked us to dismiss Curtis' claim for punitive damages. We will not. A plaintiff is entitled to punitive damages if the trier of fact determines that the defendant's conduct was outrageous due to evil motive or a reckless indifference for the rights of others. *Horton v. Union Light, Heat & Power Co.*, 690 S.W.2d 382, 389; Restatement (Second) of Torts § 908(2) (1979).

Curtis has adequately pled facts that could lead the trier of fact to conclude that Defendants' actions were sufficiently outrageous to warrant punitive damages.

 A separate order will be entered in accordance with this opinion.